IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| DONNA FRANCES LEIGHT | : | BANKRUPTCY NO.: 5-04-bk-55144 |
| DEBTOR | : | |

# **OPINION**[1]

Presently before this Court is the disposition of the Debtor's Objection to Proof of Claim Number 12 (Doc. No. 16) the claim of East Stroudsburg School District ("School District"), in the amount of $3,067.60, based on a pre-petition default judgment entered in the Court of Common Pleas of Monroe County for delinquent real estate taxes. For the reasons stated herein, Debtor's Objection is overruled on the basis of *res judicata*.

## Background

In July of 2003, the School District assessed school taxes against Debtor's property located in the East Stroudsburg Area School District at 133 Birch Acres, East Stroudsburg, PA 18301 ("Property") for $2,056.50. Notice was sent but no payment was made by the Debtor. In March of 2004, the School District, pursuant to the authority of the newly revised Municipal Claims and Tax Lien Act[2] ("MCTLA") sent the records of Debtor's 2003 delinquent taxes to

---

[1] Drafted with the assistance of Kathryn Evans, Law Clerk.

[2] 53 Pa.C.S. § 7101 et. seq. 53 Pa.C.S. § 7106 is the section regarding collection process and assessment of legal fees.

[m:\users\cathy\...\opinions\04-bk-55144_Leight.wpd]

Portnoff Law Associates, Ltd. (hereinafter "Portnoff") for collection[3].

On April 6, 2004, Portnoff sent, via certified mail return-receipt requested, a Notice of Delinquency advising the Debtor that she had a thirty day grace period to make the payment, or enter into payment plan arrangements, before attorneys' fees or court costs would be imposed on her. The Notice was delivered and signed for on April 7, 2004.

On June 10, 2004, the taxes still outstanding, Portnoff filed a municipal lien against the Property on behalf of the School District. On or about June 22, 2004, Debtor was advised in writing that the lien had been filed and she was given an additional fifteen days to remedy the outstanding delinquency.

On July 14, 2004, taxes still due, a writ of *scire facias*[4] was issued and served by the Sheriff of Monroe County by personally handing a copy to the Debtor at the Property. On August 19, 2004, Portnoff mailed Debtor a notice pursuant to Pennsylvania Rule of Civil Procedure 237.1 advising her that unless she responded to the *scire facias* within ten days, a default would be entered against her which would include certain legal fees. On September 10, 2004, a default judgment in favor of the School District was entered for $3,059.42.

A final demand was mailed to Debtor on September 24, 2004, informing her she had thirty-five days to satisfy the judgment or a writ of execution would be filed against her property. Debtor did not respond. On November 8, 2004, Portnoff was informed that Debtor had filed for

---

[3] Prior to this and under the authority of the MCTLA, 53 P.S. § 7106, Portnoff and the School District had entered into an agreement whereby the School District would pay a $35.00 fee to Portnoff for opening an account, mailing the initial notice, handling phone calls and correspondences, setting up and managing payment plans, and accounting for payments received.

[4] A writ of *scire facias* is a judicial writ directing a debtor to appear and show cause why a dormant judgment should not be revived.

[m:\users\cathy\...\opinions\04-bk-55144_Leight.wpd]    -2-

Case 5:04-bk-55144-JJT    Doc 49    Filed 04/17/06    Entered 04/17/06 11:52:24    Desc
Main Document    Page 2 of 4

bankruptcy on October 15, 2004.

**Analysis**

Bankruptcy courts lack the authority to reconsider and vacate state court default judgments. *See Heiser v. Woodruff,* 327 U.S. 726, 733, 66 S.Ct 853, 90 L.Ed. 970 (1946); *Raymark Industries, Inc. v. Lai,* 973 F.2d 1125, 1132 (3d Cir. 1992); *In re James,* 940 F.2d 46, 53 (3d Cir. 1991). Furthermore, under Pennsylvania law, a judgment by default has *res judicata* effect and is therefore as conclusive as one rendered on a verdict after litigation insofar as a defaulting defendant is concerned. *In re Gibson,* 249 B.R. 645, 652 (Bankr. E.D. Pa. 2000), [citing *Zimmer v. Zimmer*, 457 Pa. 488, 491, 326 A.2d 318, 320 (1974), and *Fox v. Gabler,* 534 Pa. 185, 189, 626 A.2d 1141, 1143 (1993)]. A default judgment is a final judgment which bars further litigation of the issues decided therein among the parties. *Id.* Neither party disputes that a default judgment was entered against the Debtor in favor of the School District.

Debtor asks this Court to use its equitable powers to disregard the state court's default judgment and deny the claim on the grounds it includes excessive and unauthorized legal fees and charges and to find the MCTLA statute authorizing a private entity to act as a tax collecting agent as unconstitutional under the United States and Pennsylvania Supreme Courts. However, there are only two exceptions which allow a bankruptcy court to equitably reconsider a state court judgment: first, if the judgment was secured by fraud; or second, if the state court lacked jurisdiction to determine the issue. *In re Gibson,* 249 B.R. at 652 (citing *Pepper v. Litton,* 308 U.S. 295, 305-06, 60 S.Ct. 238, 244-45 L.Ed. 281 (1939). Debtor is not challenging the law on either of these grounds. Debtor does not assert the state court lacked jurisdiction, nor does she assert that the default judgment against her was procured by fraud. As such, because Debtor's

objections are not based on either of the aforementioned grounds for equitable reconsideration, Debtor's Objection to Proof of Claim Number 12 is overruled, and the claim will be allowed in the amount stated.

An Order will follow.

Date: April 17, 2006

John J. Thomas, Bankruptcy Judge
(CMS)

*This electronic opinion is signed and filed on the same date.*